*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

---

*In re* HAYLE NICOLE RAY, Minor.

---

PEOPLE OF THE STATE OF MICHIGAN,

        Petitioner-Appellee,

v

HAYLE NICOLE RAY,

        Respondent-Appellant.

UNPUBLISHED
October 29, 2020

No. 349802
Wayne Circuit Court
Family Division
LC No. 18-000891-DL

---

Before: GADOLA, P.J., and RONAYNE KRAUSE and O'BRIEN, JJ.

PER CURIAM.

Respondent appeals as of right an order of disposition placing her on out-of-home probation in a nonsecure residential facility following her violation of in-home probation that was imposed pursuant to her initial plea to truancy, MCL 712A.2(a)(4). We affirm.

## I. BACKGROUND

In October 2018, respondent admitted that she had been absent from school without a lawful excuse at least 19 times from August 30, 2017, to November 28, 2017. The trial court entered an order of disposition imposing in-home probation with conditions that respondent attend school every day, participate in tutoring if necessary, and provide the court with a report card showing passing grades at each subsequent hearing. By February 2019, respondent's attendance had not improved and petitioner filed a supplemental violation of probation petition. The trial court twice postponed disposition on the petition to give respondent an opportunity to improve her attendance and performance. By May of 2019 respondent's attendance and performance had still not improved. The trial court then entered a second order of disposition, placing respondent on out-of-home probation in a nonsecure residential facility. Respondent now appeals.

-1-

## II. ANALYSIS

Respondent argues that the trial court abused its discretion by placing her on out-of-home probation because 1) her repeated unexcused absences from school were attributable to social anxiety, a learning disorder, and bullying, 2) respondent's mother was working diligently to address respondent's issues, and 3) it was not in respondent's best interests to be removed from a stable home and placed in a residential facility with other troubled youths. We disagree.

This Court reviews a trial court's order of disposition in a juvenile delinquency proceeding for an abuse of discretion, while the trial court's factual findings are reviewed for clear error. *In re Diehl*, 329 Mich App 671, 687; 944 NW2d 180 (2019). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *Id*. (quotation marks and citation omitted). This Court reviews de novo "issues of statutory interpretation, as well as family division procedure under the court rules . . . ." *In re VanDalen*, 293 Mich App 120, 131-132; 809 NW2d 412 (2011) (quotation marks and citations omitted).

The trial court did not abuse its discretion by placing respondent on out-of-home probation because respondent's school attendance and performance had not improved after seven months of in-home probation. Under MCL 712A.2(a)(4), the family division of circuit court acquires "[e]xclusive original jurisdiction" over a juvenile who "willfully and repeatedly absents himself or herself from school or other learning program intended to meet the juvenile's educational needs . . . ." MCR 3.943(E)(1) provides: "If the juvenile has been found to have committed an offense, the court may enter an order of disposition as provided by MCL 712A.18." MCL 712A.18(1) provides a trial court broad discretion to enter an order of disposition "appropriate for the welfare of the juvenile and society in view of the facts proven and ascertained[.]" A trial court with jurisdiction over a juvenile may (a) provide a warning to the juvenile or her parents, (b) place the juvenile on probation in her own home, (c) place the juvenile in a suitable foster home, or (d) place the juvenile in a private institution licensed to care for juveniles of similar age, sex, and characteristics, in addition to other options such as the imposition of civil fines or community service. MCL 712A.18(1)(a)-(d) and (i)-(j).

In this case, respondent admitted to at least 19 unexcused absences from school in a two-month period. The trial court entered an initial order of disposition placing respondent on in-home probation and ordering respondent to 1) attend school every day, 2) participate in tutoring if necessary, and 3) provide the court with a report card showing passing grades at each subsequent hearing. After about three months of in-home probation, respondent's attendance had not improved, and she was failing all but one of her classes due to poor attendance. She had been absent 11 days in a two-month period and had never attended her first period class. Respondent disagreed with the court that her attendance was inadequate. Respondent's mother explained that the person she paid to drive respondent to school was unreliable. When the trial court asked respondent why she did not take the bus, respondent explained that there were too many people she did not know on the bus, and that the last time she took the bus, the only open seat was "all the way in the back." The court asked, "You can't sit in the back[?]" Respondent answered that she could not. Following this hearing petitioner filed a supplementary violation of probation petition.

Two months later, respondent was failing all but two of her classes, but her attendance had improved. Petitioner's counsel recommended holding over disposition on the violation of

probation petition for 30 days, and the trial court agreed. One month later, respondent had stopped attending school altogether and was failing all her classes. She had been evaluated for inpatient psychiatric treatment due to suicidal ideation, but had begun a daily outpatient program instead. Again, petitioner's counsel recommended holding over disposition on the violation of probation petition for 30 days, and again, the trial court agreed. One month later, respondent's attendance had not improved—she had only attended one full day of school in the previous month. Respondent's caseworker explained that some of the absences were attributable to respondent's outpatient psychiatric program, but at least seven absences were unexcused.

MCR 3.943(E)(2) provides:

> In making second and subsequent dispositions in delinquency cases, *the court must consider imposing increasingly severe sanctions*, which may include imposing additional conditions of probation; extending the term of probation; imposing additional costs; ordering a juvenile who has been residing at home into an out-of-home placement; ordering a more restrictive placement; ordering state wardship for a child who has not previously been a state ward; or any other conditions deemed appropriate by the court. [Emphasis added.]

In this case, the trial court only placed respondent on out-of-home probation after her school attendance and performance remained poor during seven months of in-home probation. Throughout that period, respondent's mother offered several explanations for respondent's continuing violations of in-home probation. At the first probation review hearing, respondent's mother, attributing some of the absences to respondent's voluntary choice, stated that she had quit her job to take respondent to school and sit in class with her. She also reported that she had arranged for a doctor to evaluate respondent for social phobia. At the next hearing, respondent's mother reported that she had sent the school a letter requesting an individualized education plan (IEP) for respondent, and that she had "placed" respondent with her brother-in-law, who was "making sure" that respondent attended school. At the next hearing, respondent's mother reported that respondent would be evaluated for an IEP shortly, and that respondent had begun waking up on time and walking to the bus stop on her own. When respondent's attendance had not improved by the time of the dispositional hearing, respondent's mother attributed respondent's absences to bullying, illness, the incarceration of respondent's father, and the school's failure to put an IEP in place. Respondent and her mother also contested the accuracy of the school's record keeping. Respondent's mother admitted that there was no valid excuse for at least seven of respondent's absences throughout the previous month, while respondent herself told the court, "I didn't miss that many days." Respondent's mother reported that she was going to sell her home and move the family to a different school district.

The trial court imposed out-of-home probation, reasoning that, despite having adequate time to take remedial action, the efforts respondent and her mother made were plainly inadequate because respondent's attendance was not improving. On appeal, respondent renews several of her mother's arguments and adds others that were not presented to the trial court, such as the argument that respondent could have enrolled in online classes instead of being placed in a residential facility. Even assuming that respondent's and her mother's explanations for the continuing violations of in-home probation were truthful, and even assuming that respondent's mother diligently pursued the remedial measures she discussed with the court, respondent's school

attendance and performance had not improved after seven months. The trial court was required by MCR 3.943(E)(2) to "consider imposing increasingly severe sanctions" in its second order of disposition in this case. After twice postponing disposition on the supplemental violation of probation petition, and seeing no improvement in respondent's school attendance or academic performance, the trial court reasonably concluded that there was no reasonable expectation of respondent's attendance improving if she remained at home. Therefore, the trial court did not abuse its discretion in imposing out-of-home probation.

Affirmed.

/s/ Michael F. Gadola
/s/ Amy Ronayne Krause
/s/ Colleen A. O'Brien